

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Wiech
County Attorney
Brownsville, Texas

Dear Sir:

Opinion No. 0-1695-A
Re: Correct method of distribut-
ing proceeds of tax sale.

In your letter of August 24, 1940, you refer us
to our opinion No. 0-1695 addressed to you and to exhibits
A and B, which were attached to your request for that opin-
ion. In the case under consideration in that opinion, in
a tax foreclosure under Article 7345b, Vernon's Civil Stat-
utes, the value of the property was adjudged to be five
hundred dollars in the foreclosure judgment, whereas the
total amount of the recoveries allowed, including costs,
was seven hundred dollars. One of the taxing units purchased
the property for the use and benefit of itself and the other
taxing units and subsequently sold such property to a pri-
vate individual for the sum of five hundred dollars, the
adjudged value of the same. Attorney's fees in the sum of
ten per cent of the tax, penalty and interest had been al-
lowed in said judgment and taxed as costs. Said exhibits
A and B were forms of supposed cash distribution of the pro-
ceeds of that sale. Under exhibit A the ten per cent
attorney's fees would not be paid since the property did
not sell for enough to pay all costs and taxes due. Under
exhibit B, however, such attorney's fees were set up to
be paid as a part of the costs, thus being given priority
over the tax recoveries. In accordance with our said opin-
ion No. 1695, you are advised that your exhibit B sets up
the proper method of distribution with reference to such
attorney's fees.

In your letter of August 28, 1940, you request
our opinion in response to the following two questions:

"First: A Municipal Corporation in 1933,
prior to the enactment of said Article 7345b,

NO COMMUNICATION IS TO BE CONSIDERED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST AS

took judgment against a certain piece of property, foreclosing its lien for delinquent taxes, but never had the property sold thereunder. Now a suit for the foreclosure of delinquent tax liens against said property has been instituted under said Article 7345b and the said Municipality has pleaded and proven its judgment taken in 1933, together with delinquent taxes that have accrued to it upon the said land since 1933. In proving the said judgment taken in 1933, the said Municipality also proved the costs that accrued in said suit and the property involved therein now having been sold for less than the total amount of the judgments against it, the question arises whether the court costs in the said former suit are chargeable as court costs in the joint tax suit, and payable dollar for dollar, under Section 6 of said Article 7345b, or only the pro rata part of said court costs can be collected by the said Municipality.

"Second: When property is sold under a judgment obtained by virtue of Article 7345b and brings less than the aggregate amount of judgments against the property in said suit, necessitating that the various agencies accept their pro rata shares thereof after paying all costs and expenses itemized in Section 6 of said Article 7345b and allowed in Section 9 thereof, is the Tax Collector's fee of One Dollar for each correct assessment of land provided for in Article 7331, Revised Civil Statutes of Texas, 1925, payable in full or on a pro rata basis?"

Section 6 of Article 7345b, Vernon's Civil Statutes, reads as follows:

"All court costs, including costs of serving process, in any suit hereafter brought by or in behalf of any taxing units for delinquent taxes in which suits all other taxing units having a delinquent tax claim against such property of any part thereof, have been impleaded, together with all expenses of foreclosure sale and such reasonable attorney's fees as may be incurred by the interpleaded or intervening taxing units, not exceeding ten per cent (10%) of the amount sued for,

such attorney's fees to be subject to the approval
of the court together with such reasonable ex-
penses as the taxing units may incur in procur-
ing data and information as to the name, identity
and location of necessary parties and in procur-
ing necessary legal descriptions of the property,
shall be chargeable as court costs."

In Section 9 of said Act it is provided that when
property which has been bought in by a taxing unit for the
use and benefit of itself and other taxing units is sold
by said taxing unit which has thus purchased the same, the
proceeds thereof shall be received by it for account of it-
self and all other said taxing units adjudged in said suit
to have a tax lien against said property, "and after paying
all costs and expenses, shall be distributed among such
taxing units pro rata and in proportion to the amount of
their tax liens against such property as established in
said judgment." As held in our opinion No. 0-1695, the ef-
fect of the above provisions was to give priority to costs
and expenses over the tax recovery of the various taxing
units. However, it is also our opinion that the costs and
expenses referred to in said Section 9 and thus given prior-
ity are the costs and expenses mentioned in Section 6 of
said Act, that is, the costs and reasonable expenses in-
curred and allowed in the particular foreclosure suit.
Hence there is no statute which would make the costs in-
curred in the 1933 foreclosure suit prior to the tax claims
of the other taxing units. We do think, however, that the
costs incurred in that suit when reduced to judgment along
side the tax claims then existing in behalf of the plaintiff
taxing unit in that case thereupon came to occupy the same
status as the taxes therein recovered. Our answer to
your first question, therefore, is that the costs incurred
in the 1933 suit should be added to the tax claim of the
municipal corporation recovering that judgment and set up
for pro rata payment, rather than giving the same priority.

As noted above, the only items given priority
are the costs and expenses mentioned in Section 6 of Article
7345b. The One Dollar fee allowed the tax collector in
Article 7331, Revised Civil Statutes, is not given such
priority and it also should be set up for pro rata payment

instead of being given priority.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:LW

APPROVED SEP 10, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

